FILED

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

02 JUL 25 PM 12: 43

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| JASON WILLIAM CATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 01-H-1209-NE |
| ) | |
| OFFICER PHILLIP PAYNE, ) | |
| ) | |
| Defendant. ) | |

**ENTERED**

**JUL 2 5 2002**

**MEMORANDUM OF OPINION**

On January 18, 2002, the magistrate judge entered an order notifying the parties that defendant's special report would be considered a motion for summary judgment. The magistrate judge filed a report and recommendation on May 24, 2002, recommending that the defendant Payne's first motion for summary judgment be denied as to his alleged use of excessive force against the plaintiff. The defendant filed a timely objection and brief in support thereof. (Document #15 and #16).

The defendant also filed an additional motion for summary judgment, or in the alternative, motion to dismiss (Document #12) this action because he asserts that plaintiff has not responded to the magistrate judge's order for special report or the defendant's initial motion for summary judgment. The defendant's request is due to be denied. Irrespective of plaintiff's lack of response, this Court is still obligated to consider the plaintiff's properly

21

executed complaint, which is sworn to under penalty of perjury, when determining whether to grant or deny summary judgment. *Perry v. Thompson*, 786 F.2d 1093 (11th Cir. 1986). Therefore, a dismissal of this action is inappropriate under the above circumstances and the defendant's motion to dismiss (Document # 12) is due to be DENIED.

Having carefully reviewed and considered *de novo* all the materials in the file, including the report and recommendation, and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED.[1]

Accordingly, the Court EXPRESSLY FINDS that there are material issues of fact with regard to plaintiff's claim of excessive force and the defendant's motion for summary judgment is due to be DENIED. This issue is due to be

---

[1] The Court also notes defendant Payne's assertion that his alleged actions would have been considered constitutionally appropriate if the magistrate judge had properly recognized plaintiff's admitted 'belligerence' as cause for defendant Payne to exercise his authority to maintain order and security in the jail. Even if this Court were to consider the plaintiff's 'belligerence' as grounds for defendant Payne to point a gun at plaintiff's head, the motion for summary judgment is still due to be denied when compared to factors that should be considered in evaluating whether the force used was excessive. These factors include: 1) "the need for application of force"; 2) "the relationship between that need and the amount of force used"; 3) "the threat 'reasonably perceived by the responsible officials'"; 4) "any efforts made to temper the severity of a forceful response"; and 5) "the extent of the injury suffered by the inmate." *Hudson v. McMillan*, 503 U.S. 1, 7 (1992), drawing upon *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Even if it is argued that some force was necessary because plaintiff refused to be quiet when ordered, there was no need for amount of force allegedly used against the plaintiff. The defendant was under no great threat by the plaintiff. In fact, defendant points out the plaintiff was locked behind bars. Finally, defendant made no efforts to temper the severity of his response to the plaintiff's refusal to obey.

REFERRED to magistrate judge Harwell G. Davis, III for further proceedings.

An appropriate order will be entered.

DONE this the 25th day of July, 2002.

*James H. Hancock*
JAMES H. HANCOCK
SENIOR JUDGE